IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXIMINO HERRERA, on behalf of himself and similarly situated individuals,<br><br>        Plaintiffs,<br><br>vs.<br><br>LIVE OAK LANDSCAPE CONTRACTORS, INC., aka APRIL SHOWERS SPRINKLER CO., and all other affiliated entities and/or joint employers, and MICHAEL SIDLOWSKI, individually,<br><br>        Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>Civil Case No.:<br><br>Jury Trial Demanded |

Named Plaintiff MAXIMINO HERRERA ("Herrera" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants LIVE OAK LANDSCAPE CONTRACTORS, INC., aka APRIL SHOWERS SPRINKLER CO., and all other affiliated entities and/or joint employers, ("Live Oak" or "Corporate Defendants"), and MICHAEL SIDLOWSKI, individually, ("Sidlowski") (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of

1

the retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a24, and the New Jersey Law against Discrimination, N.J.S.A. 10:5-12(d).

3. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

4. Plaintiff brings this lawsuit against Defendants to recover damages, as well as attorneys' fees and costs, sustained resultant from Defendants' retaliatory actions after Plaintiff made complaints against Defendants for unpaid overtime compensation.

5. Beginning in approximately 1998, and continuing through March 26, 2020, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable Federal and New Jersey state law.

6. The Named Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

7. Plaintiff has initiated this action to recover damages as well as attorneys' fees and costs resultant from Defendants' retaliatory termination of Plaintiff after asserting his rights to be compensated properly in accordance with state and federal law.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant

to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

9. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL and LAD claims pursuant to 28 U.S.C. §§ 1332 and 1367.

10. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. At all times material hereto, Named Plaintiff performed non-exempt landscaping and snow removal duties for the Defendants throughout New Jersey and based from Defendants' Piscataway, Middlesex County, New Jersey, corporate location. Defendants are therefore within the jurisdiction and venue of this Court.

12. At all times pertinent to this Complaint, the Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a landscaping and snow removal company throughout New Jersey, which uses tools and products that are purchased and moved through interstate commerce. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using these tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumer. Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

13. Named Plaintiff Herrera is an adult individual who is a resident of Perth Amboy, Middlesex County, New Jersey.

3

14. Named Plaintiff Herrera was employed by Defendants full time and performed landscaping and snow removal duties in furtherance of Defendants' business, from in or about 1998 through in or about March 26, 2020.

**Corporate Defendant**

15. Live Oak is a New Jersey corporation with its offices located at 2 Lakeview Avenue, Piscataway, New Jersey, 08854.

16. Upon information and belief, and at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendant**

17. Upon information and belief, Individual Defendant Michael Sidlowski is a New Jersey state resident.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Michael Sikorski has been an owner, partner, officer and/or manager of the Defendant Live Oak

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Michael Sidlowski has had power over personnel decisions at the Defendant Live Oak's business.

20. Defendant Michael Sidlowski was regularly present at Live Oak and managed the day to day operations, controlled the employees, the pay practices, having the power to change same, as well as the power to hire and fire employees, set employee wages, and otherwise control the terms of their employment.

21. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual

gross volume of sales made or business done was not less than $500,000.00.

22. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

23. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

24. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed landscaping and snow removal work for Defendants.

25. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

26. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all laborers who work for Defendants.

27. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

28. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

29. Based upon the information preliminarily available, and subject to discovery, beginning

in approximately 1998, and continuing to March 26, 2020, Defendants employed the Named Plaintiff and members of the putative class to perform landscaping and snow removal tasks in furtherance of their business.

30. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for overtime hours worked in a work week.

31. The majority of Named Plaintiff's time at work, included, but was not limited to, performing landscaping and snow removal duties for the defendants' clients throughout the state of New Jersey.

32. Named Plaintiff Herrera was generally paid a salary of $900.00 per week from the end of August to December and worked forty (40) to fifty (50) hours per week during this time of year. Plaintiff received the same salary, regardless of the number of hours he worked per workweek.

33. Named Plaintiff Herrera was routinely paid a salary of $1200.00 per work week during the summer months, or from April through August, during which time he routinely worked in excess of sixty (60) hours per work week. Plaintiff received this same amount of pay each and every week, regardless of the number of hours Plaintiff worked.

34. Named Plaintiff Herrera routinely worked five (5) to six (6) days per workweek. If Plaintiff called out of work, his weekly pay was reduced.

35. During the busy months, Named Plaintiff regularly worked from 7 a.m. to 6:30 p.m. daily, taking an hour for lunch, or approximately sixty-two and a half (62.5) hours per work week.

36. Named Plaintiff was not paid time and one half for his hours worked over forty (40) in a workweek.

37. Upon information and belief, employees similarly situated to Named Plaintiff were also not compensated at one-and-one half times their regular rate of pay for hours worked over forty (40) hours in a workweek.

38. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

39. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled at the overtime wage rate, for all of the hours worked in excess of forty (40) within a work week.

41. Plaintiff regularly made complaints to Defendants about his unpaid overtime, to no avail.

42. After twenty-two (22) years of working for Defendants, Plaintiff was terminated as a result of his vociferous objections to Defendants' unfair pay practices.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

43. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

44. Named Plaintiff is entitled to compensation for each of his overtime hours worked each work

week.

45. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

46. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

47. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

50. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

51. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

8

52. Defendants' aforementioned conduct is in violation of the NJWHL.

53. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF DAMAGES FOR DEFENDANTS VIOLATION OF THE RETALIATION PROVISIONS OF THE FLSA

54. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

55. The FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]".

56. Defendants' above described actions constitute unlawful discrimination and discharge amounting to retaliation directly resultant from Plaintiff's complaint made to the New Jersey Department of Labor for unpaid wages.

57. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

## COUNT IV
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF THE RETALIATION PROVISIONS OF THE NJWHL

58. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

59. NJ Stat. 34:11-56a24 makes it unlawful for an employer to discriminate against an employee who has, amongst other things, made complaints for a violation of the New Jersey Wage and Hour Law.

60. In addition to fines resultant from a conviction of a disorderly persons offense for such discrimination, a violator of NJ Stat. 34:11-56a24 shall also "pay any such employee wages lost as a result of such discriminatory action, under penalty of contempt proceeding for failure to comply with such requirement."

61. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

### COUNT V
### RECOVERY OF DAMAGES FOR DEFENDANTS' DISCRIMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

62. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

63. Plaintiff 's allegation that he is entitled to unpaid wages resultant from Defendants' failure to compensate his overtime hours worked is protected activity under the Law Against Discrimination (LAD) N.J. Stat. 10:5-12(d).

64. Immediately resultant from Plaintiff's notification that he was desirous of recouping his unpaid overtime from Defendants, Defendants commenced retaliatory action against Plaintiff as described in paragraphs 41 an 42 above.

65. Defendants' retaliatory termination of Plaintiff was directly resultant from Plaintiff's vociferous complaints against Defendants' illegal pay practices and multiple requests for lawful payment. This retaliation is unlawful and actionable.

66. As a direct and proximate result of Defendants' actions, specifically Plaintiff's termination, Plaintiff has sustained injury and has suffered. Plaintiff seeks to recover compensatory damages,

including but not limited to, lost wages, front pay, emotional distress damages, and reasonable attorneys' fees and costs.

## JURY TRIAL

67. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus treble damages as permitted by the NJWHL, interest, attorneys' fees and costs;

(3) on his third cause of action, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on his fourth cause of action, in an amount to be determined at trial, plus treble damages, interest, attorneys' fees and costs;

(5) on his fifth cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(6) such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: June 16, 2020                Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

 /s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
Email: Aglenn@jaffeglenn.com

                Jodi J. Jaffe, Esq.
                E-mail: jjaffe@JaffeGlenn.com
                33 State Road, Suite A-1
                Princeton, New Jersey 08540
                Telephone: (201) 687-9977
                Facsimile: (201) 595-0308
                *Attorneys for Named Plaintiff and the Putative Class*