UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXIMINO HERRERA, *on behalf of himself and similarly situated individuals*,<br><br>    Plaintiff,<br><br>v.<br><br>LIVE OAK LANDSCAPE CONTRACTORS, INC., *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>20-7330 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**<u>LEDA DUNN WETTRE, United States Magistrate Judge</u>**

  This matter comes before the Court *sua sponte* based on plaintiff Maximino Herrera's failure to comply with this Court's March 23, 2022 Order to appear at an in-person conference on April 5, 2022 in Courtroom 3C of the Martin Luther King Jr. Building and U.S. Courthouse and failure to respond to the Court's April 5, 2022 Order to Show Cause why this case should not be dismissed. (ECF Nos. 45, 47). For the reasons set forth below, it is respectfully recommended that the case be dismissed without prejudice and the Court retain jurisdiction to enforce a settlement previously reached.

        I.  BACKGROUND

  Plaintiff alleges that defendants Live Oak Landscape Contractors, Inc. and its owner Michael Sikorski failed to pay him overtime wages for all time worked in excess of 40 hours per week in violation of the Fair Labor Standards Act and the New Jersey Wage and Hour Law. (2d Am. Compl., ECF No. 24). By letter dated July 6, 2021, plaintiff's counsel informed the Court that he "was having difficulty contacting Plaintiff on a regular basis to complete the initial

disclosures, his discovery responses, and discovery requests of his own." (ECF No. 26). By letter dated October 18, 2021, plaintiff's counsel informed the Court that he had "encountered what seemed to be irreconcilable differences with Plaintiff," but was ultimately able to resolve them and provide discovery responses. (ECF No. 31). After a period of discovery, the Court conducted a settlement conference with all parties and counsel in attendance on February 4, 2022, and the parties reached a settlement in principle. (ECF No. 35). However, by letters dated March 2, 2022 and March 18, 2022, plaintiff's counsel informed the Court that he was unable to communicate with plaintiff or obtain plaintiff's signature on the settlement agreement; counsel requested that the Court order plaintiff to appear at a case management conference to determine whether he intended to consummate the settlement or not. (ECF Nos. 42, 44).

Accordingly, the Court issued an Order dated March 23, 2022 scheduling an in-person conference on April 5, 2022 in Courtroom 3C of the Newark Courthouse. (ECF No. 46). The Order directed plaintiff Maximino Herrera personally to appear with his attorney. (*Id.*). Plaintiff's counsel and defense counsel appeared on April 5, 2022 as directed, but Maximino Herrera did not. The Court then issued an Order directing plaintiff to appear in person in Courtroom 3C on April 19, 2022 to show cause why this case should not be dismissed for failure to prosecute and failure to comply with the Court's March 23, 2022 Order. (ECF No. 47). Plaintiff's counsel served the Order to Show Cause on plaintiff by U.S. Mail on April 8, 2022. (ECF No. 48). Plaintiff did not appear at the April 19, 2022 show cause hearing, request an adjournment, or otherwise contact the Court regarding this action.

## II.    DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure empowers the Court to impose sanctions, including dismissal, against a party who "fails to appear at a scheduling or other pretrial

conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii); Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to prosecute). *See Parker v. Pennstar Bank, NBT*, 436 F. App'x 124, 126-27 (3d Cir. 2011) (per curiam); *Ramada Worldwide, Inc. v. Veer Enters., LLC*, Civ. No. 10-6480 (ES), 2013 WL 1314451, at *2 (D.N.J. Mar. 28, 2013). In determining whether to sanction a party by curtailing the right to proceed with a claim, the Court considers six factors set forth in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). *See Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 16(f). *See* Fed. R. Civ. P. 16(f)(1) ("On motion *or on its own*, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference; [or] . . . fails to obey a scheduling or other pretrial order.") (emphasis added); *Mindek*, 964 F.2d at 1372-75; *Foreman v. Previziz*, Civ. A. No. 13-5807 (SDW), 2015 WL 1931453, at *1-2 (D.N.J. Apr. 27, 2015).

**1. Plaintiff's Personal Responsibility.** Plaintiff's counsel represented to the Court that he repeatedly tried to contact his client and that he served a copy of the Order to Show Cause on plaintiff. Accordingly, the Court attributes plaintiff's failure to appear and comply with its Orders solely to plaintiff himself.

3

**2. Prejudice to Defendants.** The Third Circuit has held that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, plaintiff's refusal to sign the settlement agreement and participate in case management conferences as directed has prejudiced defendants by leaving them in limbo where they cannot finalize a settlement that was agreed to months ago, move to enforce the settlement so the action can be resolved, or cause the action to proceed and defend themselves against the wage claims.

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's orders, and thus has demonstrated a history of dilatoriness.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or determine whether it was undertaken in bad faith. The circumstances, taken as a whole, however, suggest that plaintiff has abandoned the case.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, plaintiff has failed to participate in and prosecute the case. On these facts, no lesser sanction would be effective. *See Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008).

**6. Meritoriousness of the Claims.** Given the preliminary stage of the action when plaintiff became unresponsive, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders to appear in-person, has become unresponsive to his attorney, and failed to execute a settlement agreement which would resolve

the case, demonstrating a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes his inability or refusal to comply with pretrial orders and his failure to adequately prosecute this matter.

### III.  CONCLUSION

For the reasons set forth above, the Court respectfully recommends that this matter be dismissed without prejudice pursuant to Rules 16(f)(1) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, and the Court retain jurisdiction to enforce the settlement should plaintiff determine to pursue his wage claims in the future. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: April 20, 2022

                                                 *s/ Leda Dunn Wettre*
                                                 Hon. Leda Dunn Wettre
                                                 United States Magistrate Judge

Original:    Clerk of the Court
    cc:        Hon. Susan D. Wigenton, U.S.D.J.